UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23957-CIV-MORENO

ASPEN SPECIALTY INSURANCE COMPANY,

    Plaintiff,

vs.

RUNWAY PARTNERS, LLC, and OSCAR MIRANDA,

    Defendants,

vs.

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,

    Third-Party Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Third-Party Defendant American Guarantee and Liability Insurance Company ("American Guarantee")'s Motion to Dismiss Defendant Runway Partners, LLC's Third-Party Complaint (**D.E. No. 34**), filed on **February 12, 2014**. Prior to this Motion, Runway Partners filed a two-count declaratory and reformatory action against American Guarantee seeking to remove non-party Pfeffer & Marin Management Company ("Pfeffer & Marin") as a named insured on an insurance policy issued by American Guarantee to Runway Partners and Pfeffer & Marin. In the Complaint, Runway Partners alleged that Pfeffer & Marin coordinated the purchase of a policy issued by American Guarantee for Runway Hotel and Days Inn, but that due to a mutual mistake between American Guarantee and Runway Partners, American Guarantee

Case 1:13-cv-23957-DPG   Document 49   Entered on FLSD Docket 04/02/2014   Page 2 of 4

erroneously listed Pfeffer & Marin under the policy. Runway Partners' Complaint is premised on the allegation that insured Pfeffer & Marin never intended to receive coverage under the insurance policy. Accordingly, Runway Partners asks that this Court declare Runway Partners as the sole named insured on the policy, pursuant to Florida Statute § 86.011 and 28 U.S.C. § 2201.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is DENIED as moot for the foregoing reasons.

A. <u>Legal Standard</u>

A motion to dismiss for failure to state a claim made pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of claims set forth in a complaint. Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's

liability. *Twombly*, 550 U.S. at 556.

Runway Partners has brought claims for declaratory action pursuant to both 28 U.S.C. § 2201 and Florida Statute § 86.011. Because federal court jurisdiction rests on diversity of citizenship in this case, this court must apply the substantive law of the forum state of Florida; procedural issues will be governed by federal law. *Erie R Co v Tompkins*, 304 U.S. 64 (1938).

C.  Legal Analysis

In this Motion to Dismiss, Third-Party Defendant American Guarantee Insurance Company claims that Runway Partners' Complaint fails to allege the threshold elements of a cause of action for declaratory relief because the complaint does not include Pfeffer & Marin as a party. Because Runway Partners' original Complaint sought to have Pfeffer & Marin removed as a named insured on the policy in question, which would necessarily deprive Pfeffer & Marin of any rights it would otherwise have as an insured under the policy, this action invariably concerns Pfeffer & Marin's rights to potential coverage as a policyholder. Because Pfeffer & Marin has a demonstrable antagonistic and adverse interest in this suit, it should have been named in Runway Partners' original Third-Party Complaint; accordingly, without Pfeffer & Marin, the complaint failed on its face as a matter of law.

On March 20, 2014, however, Runway Partners filed a Motion for Leave to Add Parties and Amend the Pleadings, which this Court granted by its Order Granting Runway Partners' Motion to Add Parties and Amend Pleadings on March 24, 2014. By that Order, this Court permitted Runway Partners to add the following parties to this action as co-defendants, co-counter-plaintiffs, and co-third-party plaintiffs: Pfeffer & Marin Management Corp., Paul Pfeffer, Eti Pfeffer, Joseph Marin

and Jeanett Marin. Also by the Order, this Court permitted Runway Partners to file an Amended Answer and Counterclaim, which Runway Partners did, on March 24, 2014. As a result of the amended pleadings, this Court determines that the entire substance of Third-Party Defendant's Motion to Dismiss has been rendered moot.

D.   Conclusion

Defendant has remedied the identified flaw in its pleadings. According, the Court DENIES Third-Party Defendant's Motion to Dismiss as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record